01
02
03
04
05

06          UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF WASHINGTON
07                     AT SEATTLE

08  SAUL LARA-PEREZ,                )   CASE NO. C09-1810-JLR
                                    )
09        Petitioner,                )
                                    )
10        v.                         )
                                    )   REPORT AND RECOMMENDATION
11  A. NEIL CLARK, Field Office Director, U.S. )
    Immigration and Customs Enforcement,   )
12                                  )
          Defendant/Respondent.      )
13  _____ )

14       On December 22, 2009, petitioner Saul Lara-Perez submitted to this Court for review a

15  petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking a bond hearing or bond

16  reduction. (Dkt. 7.)   On January 4, 2010, petitioner also submitted a motion to enjoin the U.S.

17  Department of Homeland Security ("DHS") from further detaining him. (Dkt. 4.)   On

18  February 4, 2010, petitioner submitted an amended petition for writ of habeas corpus requesting

19  that this Court order his release from custody on conditions of reasonable bond, arguing that

20  "such custody violates the due process rights of the Petitioner."(Dkt. 10.)   Respondent has

21  filed a Motion to Consolidate this Action with a Prior Action, arguing that the instant action is a

22  verbatim copy of the habeas petition filed by petitioner in *Lara-Perez v. Clark*, Case No.

REPORT AND RECOMMENDATION
PAGE -1

01  C09-1696-RAJ-JPD. (Dkt. 13.)

02  On February 26, 2010, however, the government submitted documentation in the prior
03  action, C09-1696-RAJ-JPD (Dkt. 15, Ex. A), indicating that petitioner was removed from the
04  United States to Mexico on January 30, 2010, and is no longer in immigration custody.  The
05  government noted that on February 8, 2010, petitioner attempted to reenter the United States at
06  the San Ysidro Port of Entry using fraudulent documents and was arrested and detained at the
07  San Diego Metropolitan Correctional Center pending charges of violation of 8 U.S.C. § 1326.
08  *Id*.  The government stated that petitioner is not in immigration custody and that his habeas
09  petition is moot and should be dismissed.  Id.   On March 4, 2010, the Honorable James P.
10  Donohue, United States Magistrate Judge, recommended that the action be dismissed as moot.
11  See Lara-Perez, C09-1696-RAJ (Dkt. 16.)

12  For a federal court to have jurisdiction, "an actual controversy must exist at all stages of
13  the litigation." *Biodiversity Legal Foundation v. Badgley*, 309 F.3d 1166, 1173 (9th Cir. 2002).
14  "When a controversy no longer exists, the case is moot." Id.   Because petitioner is no longer
15  detained by ICE, his petition for writ of habeas corpus seeking release from immigration
16  detention has become mooot and should be dismissed.  *See Abdala v. I.N.S.*, 488 F.3d 1061,
17  1065 (9th Cir. 2007); *see also Cooney v. Edwards*, 971 F.2d 345, 346 (9th Cir. 1992) (holding
18  that the District Court properly dismissed plaintiff's claims that had become either moot or
19  unripe).   Accordingly, I recommend that this action be dismissed as moot.   A proposed Order
20  accompanies this Report and Recommendation.

21  / / /

22  / / /

REPORT AND RECOMMENDATION
PAGE -2

01    DATED this 11th day of March, 2010.

						Mary Alice Theiler
						United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -3